**In the Matter of Dudley B. DURHAM, Jr., Barbara L. Durham, Debtors.**

**James L. PATTON, Jr., Trustee, Plaintiff,**

v.

**JOHN DEERE COMPANY, Defendant.**

**Bankruptcy No. 83–438.**
**Adv. No. 86–26.**

United States Bankruptcy Court,
D. Delaware.

May 11, 1988.

James L. Patton, Jr., Wilmington, Del., trustee/plaintiff.

Neal J. Levitsky, Wilmington, Del., for defendant.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

This matter came before the court on John Deere Company's motion to dismiss the Trustee's complaint seeking a determination that John Deere is not entitled to insurance proceeds by virtue of its perfected security interest in a combine that was destroyed by fire. The parties subsequently treated that motion as one for summary judgment.

John Deere is the assignee of a retail installment contract/security agreement dated June 22, 1981 entered into between Clements Supply Co., Inc. and Barbara L. and Dudley B. Durham, Jr. on behalf of Double D Farms. Double D, Mr. and Mrs. Durham and a related corporation filed Chapter 11 cases on December 19, 1983. John Deere on April 16, 1984, filed its proof of claim in the amount of $82,486.67 claiming a security interest in a corn head and combine. The three cases were substantively consolidated on April 25, 1984 and thereafter referred to as the Durham case.

Dudley B. Durham DBA Double D Farms, using estate funds, purchased from State Farm Fire and Casualty Company a policy of insurance covering the period August 1, 1984 to August 1, 1985. The combine which was destroyed by fire on November 14, 1984 was one of the 25 scheduled items covered under the policy. Although the parties refer to this policy as a renewal, it is obvious upon examination that it is a new policy.

The agreement under which John Deere holds a security interest in the combine makes no reference as to whether a security interest in proceeds was intended. However, the financing statement indicates "proceeds of the collateral are also covered." The agreement also warns on its face that "[n]o insurance unless John Deere Company accepts this instrument." Over the executed assignment on the reverse side of the agreement appears the following:

Notice of Physical Damage Insurance

If John Deere Company (Deere) becomes holder of the Note which is on the face of this contract, physical damage insurance will be provided covering the equipment which is being purchased on this contract. The physical damage insurance shall terminate if the indebtedness is discharged, or if Deere's security interest in the equipment terminates, or if the indebtedness becomes in default and Deere discontinues Premium Payments therefore, or if the Retail Installment Sales Floater Policy terminates. The insurance is being purchased by Deere at its own expense. Upon acceptance of said Note by Deere, you will be furnished an advice which describes this insurance protection.

John Deere states that when the loss occurred, the combine had a market value of $50,000, there was approximately $56,720 owed to it in connection with the security agreement covering the combine[1] and that it would receive $25,000 from the John

---

1. The agreement covered not only the combine but also a corn head with delivered cash prices in June 1981 of $75,332.50 and $18,935, respectively.

Deere Insurance Group. (Defendant's Reply Brief, p. 7; Delp Affidavit A–1 & 2.)

Both parties look to 11 U.S.C. § 552(b) as the basis for their right to the insurance proceeds.

Section 552(b) specifies that if a security agreement entered into before the commencement of a bankruptcy case creates a security interest in property of the debtor which extends, *inter alia*, to proceeds, then that security interest extends to proceeds acquired by the estate after the commencement of the case to the extent provided by the agreement and by applicable nonbankruptcy law. That statement is qualified by the last clause of the section which gives the court discretion, after notice and a hearing, to order otherwise based upon the equities of the case.

Although the security agreement is silent as to any right to proceeds, the applicable nonbankruptcy law (6 *Del.C.* § 9–203(3)) provides that unless otherwise agreed, a security agreement gives the secured party the rights to proceeds provided by Section 9–306. That Section provides:

(1) "Proceeds" includes whatever is received upon the sale, exchange, collection or other disposition of collateral or proceeds. Insurance payable by reason of loss or damage to the collateral is proceeds, except to the extent that it is payable to a person other than a party to the security agreement ...

The Trustee argues that the Chapter 11 estate qualifies for the exception in that the proceeds of the policy are payable to a "person other than a party to the security agreement". At first blush this argument appears to be without merit in light of the Supreme Court's decision in *N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1983), declaring that for the purposes of § 365 of title 11 a debtor-in-possession is not a new entity. That Section permits a debtor-in-possession to deal with its contracts in a manner it could not have done absent a bankruptcy filing. The Court reasoned that if a debtor-in-possession were a new entity, there would be no need for the Code to provide a means for rejecting executory contracts since the debtor-in-possession would not be bound by such contracts in the first place.

*Bildisco* is distinguishable. Here, the Code creates upon the filing of a case an estate composed of all property in which a debtor had a legal or equitable interest. 11 U.S.C. § 541(a). The estate is a new entity. In a Chapter 11 case, the debtor becomes a debtor-in-possession charged with the duty of preserving that estate. 11 U.S.C. §§ 1107(a), 1106(a)(1) and 704(2). The security agreement imposed no obligation on the Durhams to insure the combine. John Deere, upon assignment, undertook that responsibility. Mr. Durham in recognition of his fiduciary duty to the bankruptcy estate used estate funds to purchase the State Farm policy naming it as loss beneficiary. The estate was not in existence when the security agreement was executed. Thus, the trustee must prevail under applicable nonbankruptcy law inasmuch as the insurance proceeds are payable to the bankruptcy estate which is not a party to that agreement.

The Trustee's alternative argument is moot. Moreover, if John Deere were entitled to the proceeds, the issues raised by the Trustee's claim that the equities warranted payment to the estate would have required a hearing.

An order is attached.

### ORDER

AND NOW, May 11, 1988, there being no genuine issue of material fact and for the reasons stated in the Memorandum Opinion,

IT IS ORDERED THAT summary judgment is granted in favor of James L. Patton, Jr., Trustee of the Durham estate, Plaintiff, and against John Deere Company, Defendant.