**In the Matter of Dudley B. DURHAM, Jr., Barbara L. Durham, Debtors.**

**JOHN DEERE COMPANY, Appellant,**

**v.**

**James L. PATTON, Jr., Trustee, Appellee.**

**Bankruptcy No. 83–438.**
**Civ. A. No. 88–329–JJF.**

United States District Court, D. Delaware.

June 26, 1989.

Neal J. Levitsky of Agostini Levitsky & Agostini, Wilmington, Del., for appellant.

James L. Patton, Jr. of Young Conaway Stargatt & Taylor, Wilmington, Del., for appellee.

## OPINION

FARNAN, District Judge.

This appeal from the Bankruptcy Court presents the following question: Who, between the trustee in bankruptcy and a secured creditor, is entitled to the proceeds of an insurance policy, purchased with bankruptcy estate funds, for a combine in which the secured party had already perfected its security interest prior to the filing of the bankruptcy petition?

## FACTUAL AND PROCEDURAL BACKGROUND

The essential facts are as follows. On June 22, 1981, Barbara and Dudley Durham, on behalf of Double D Farms, entered into an installment contract/security agreement with Clements Supply Company for the purchase of a combine and corn head. A financing statement, naming John Deere as assignee and extending to proceeds of the collateral, was properly filed on June 29, 1981.

On December 19, 1983, Double D Farms, Mr. and Mrs. Durham, and a related corporation, filed voluntary Chapter 11 petitions, all of which were consolidated on April 25, 1984. On April 16, 1984, John Deere filed a proof of claim with respect to its perfected security interest in the combine and corn head.

Following the consolidation of cases, a policy of insurance covering the estate's assets for the period August 1, 1984 to August 1, 1985 was purchased with estate funds from State Farm Fire and Casualty Company. The State Farm policy was issued to Dudley B. Durham, d/b/a Double D Farms. On November 14, 1984, a fire destroyed the combine, which was covered under the insurance policy. John Deere states that when the loss occurred, it was owed approximately $56,720 in connection with the security agreement covering the combine, the combine had a market value of $50,000, and it would receive $25,000 from a separate policy issued by the John Deere Insurance Group.

On March 5, 1985, the chapter 11 case was converted to a chapter 7 liquidation, and the party trustee was subsequently appointed. The trustee settled his claim against State Farm for $25,000.

This matter came before the Bankruptcy Court on John Deere's motion to dismiss[1] the trustee's complaint seeking a determination that John Deere was not entitled to the State Farm insurance proceeds. The Bankruptcy Court granted summary judgment in favor of the Trustee and against John Deere. 87 B.R. 300. John Deere then filed this appeal.

## DISCUSSION

This Court has jurisdiction over John Deere's appeal from the Bankruptcy Court's order pursuant to 28 U.S.C. § 158. For the reasons stated below, I affirm.

The Bankruptcy Court properly turned to section 552 of the Bankruptcy Code to begin its analysis. Section 552(a) provides:

Except as provided in subsection (b) of this section, property acquired by the estate or by the debtor after the com-

1. The parties subsequently treated the motion as one for summary judgment.

mencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case. 11 U.S.C. § 552(a).

Section 552(b) then goes on to provide, *inter alia*, that if a pre-petition security agreement extends to proceeds of property acquired by the debtor prior to commencement of the case, then the security interest also extends to such proceeds acquired by the estate after commencement of the case to the extent provided by applicable non-bankruptcy law. 11 U.S.C. § 552(b).

The "applicable nonbankruptcy law" in this case is 6 *Del. C.* § 9–306, which provides:

(1) "Proceeds" includes whatever is received upon the sale, exchange, collection or other disposition of collateral or proceeds. *Insurance payable by reason of loss* or damage to the collateral is proceeds, *except to the extent that it is payable to a person other than a party to the security agreement....*

(Emphasis added).

Thus, the critical question in this case is whether the State Farm insurance proceeds are payable to a "person other than a party to the security agreement."

The Trustee's position on this question is very simple. He argues that the insurance proceeds are payable to the bankruptcy estate, which was created upon the filing of the petition and which therefore could not conceivably have been a party to the pre-petition security agreement.

John Deere, on the other hand, argues that the State Farm policy was issued to Dudley Durham d/b/a Double D Farms, who were parties to the security agreement, and that the proceeds are not payable to the estate.

The relevant inquiry is therefore further narrowed to the question whether the State Farm insurance proceeds are payable to the estate, even though the policy was issued to Dudley Durham d/b/a Double D Farms. The Court concludes that this question is best answered by looking to specific sections of the Bankruptcy Code. Pursuant to § 541, the commencement of a case creates an estate, and property of the estate comprises, with exceptions not here relevant, "all legal or equitable interests of the debtor in the property as of the commencement of the case." 11 U.S.C. § 541(a). While this case was proceeding under chapter 11, the debtor-in-possession was under a duty to perform the duties of a trustee under chapter 7, including the duty to "be accountable for all property received." 11 U.S.C. § 704(2). *See* 11 U.S.C. §§ 1107(a), 1106(a). It is undisputed that estate funds were used to purchase the policy, and John Deere admits that the State Farm proceeds were "acquired" by the estate. The Court concludes that the fact that the estate was not listed as the insured party on the State Farm policy does not dictate the legal conclusion that the estate was not the "person" to whom the proceeds were payable. To the contrary, the fact that Mr. Durham, in his fiduciary capacity to the estate, took the affirmative step of using estate funds to protect property of the estate indicates that the proceeds were in fact payable to the estate.

John Deere relies on *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984), in support of its contention that the Supreme Court in that case rejected the so-called "new entity" theory and that therefore the debtor-in-possession cannot be the same person as the pre-petition debtor. However, John Deere misconstrues *Bildisco* and its application to this case. In *Bildisco*, the Court stated that for purposes of a question under section 365 of the Bankruptcy Code, relating to whether a debtor-in-possession may reject a collective bargaining agreement, "it is sensible to view the debtor-in-possession as the same 'entity' which existed before the filing of the bankruptcy petition, but empowered by virtue of the Bankruptcy Code to deal with its contracts and property in a manner it could not have employed absent the bankruptcy filing." *Id.* at 528, 104 S.Ct. at 1197. The *Bildisco* Court reasoned that "[o]bviously, if the [debtor-in-possession] were a wholly 'new entity,' it would be unnecessary for the Bankruptcy Code to allow it to reject executory contracts, since it would not be bound by such contracts in the first place." *Id.*

**714**

In the instant case, whether the debtor-in-possession is a "new entity" is not critical to the relevant analysis. What is pertinent is whether the State Farm proceeds were in fact payable to the estate, even though the debtor-in-possession is the named insured. The conclusion that the named insured on the State Farm policy is not the "person" to whom the proceeds are payable for purposes of 9–306, is not inconsistent with either the language or policy of the Bankruptcy Code.

The Court concludes that although the State Farm policy was issued to Dudley Durham d/b/a Double D Farms, the real party beneficiary of the policy, and the "person" to whom the proceeds were ultimately payable, was the estate. Mr. Durham, the debtor-in-possession, was simply performing his duty to preserve the estate when he purchased the policy with estate funds. It follows from this conclusion that 1) the proceeds were payable to a person other than a party to the security agreement, 2) John Deere's security interest does not extend to the State Farm insurance proceeds, and 3) the Bankruptcy Court did not err as a matter of law. The decision below will therefore be affirmed.

An order consistent herewith will be entered.